UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| D. MICHAEL JEWETT, | : : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO.: 04-1454 (JCL) |
| v. | : : : | **OPINION RE: MOTION FOR RECONSIDERATION** |
| IDT CORPORATION, et al. | : : | |
| Defendants. | : : | |

**LIFLAND, District Judge**

**I.    Background**

On July 17, 2006, this Court held Plaintiff's counsel William P. Perniciaro, Esq. in civil contempt for submitting interrogatories in violation of the Court's December 27, 2005 Order.  As a sanction, the Court ordered Perniciaro to pay Defendants' attorneys' fees incurred opposing those interrogatories.  On July 26, 2006, Defendants submitted an application for fees.  Perniciaro did not object to Defendants' application.  On August 25, 2006, on the basis of that application, the Court ordered that Defendants were entitled to $29,443.00 in attorneys' fees.

Perniciaro thereafter moved for reconsideration of the August 25, 2006

1

Order, arguing, in part, that Plaintiffs failed to apply for attorneys' fees using the lodestar method. On January 17, 2007, the Court ruled that the lodestar method was indeed applicable, and accepted Defendants' counsel's offer to resubmit their fee application using the lodestar method. The Court asked Defendants to "include hourly rates in effect at the time of billing to IDT, and the amounts actually billed to IDT, even if discounted," in their updated application, so that "the Court will have before it all the information which it will need to resolve this fee application." Defendants have done so, and Perniciaro has submitted his objections. The Court will now decide the matter using the lodestar method.

## II.    Discussion

### A.    The Lodestar Method

An award of attorneys' fees and costs to the prevailing party in a civil contempt action is determined according to the "lodestar method." Apple Corps[ Ltd., MPL v. Int'l Collectors Soc'y], 25 F. Supp. 2d [480, ]484-85[ (D.N.J. 1998)]. The lodestar calculation involves determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, Hensley v. Eckerhart, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983), and is presumed to yield a "reasonable fee."

. . .

The party seeking attorneys' fees has the burden of establishing the reasonableness of the fees sought and submitting evidence to support the rates and hours claimed. Hensley, 461 U.S. at 433.

. . .

Once the party seeking fees provides such evidence, the burden shifts to its adversary to contest, with sufficient specificity, the

>reasonableness of the hourly rate or the reasonableness of the hours expended. Apple Corps., 25 F. Supp. 2d at 485 . . . . If the party opposing the fee application meets its burden, the Court has wide discretion to adjust the attorneys' fee for inadequate documentation, duplication of effort, unreasonableness of hours expended, or lack of relation to the results obtained. Id.

Microsoft Corp. v. United Computer Res. of N.J., Inc., 216 F. Supp. 2d 383, 387 (D.N.J. 2002). The United States Court of Appeals for the Third Circuit "give[s] a great deal of deference to a district court's decision to set fees." Gunter v. Ridgewood Energy Corp., 233 F.3d 190, 195 (3d Cir. 2000).

### 1. The Number of Hours Reasonably Expended on the Litigation

Defendants' July 26, 2006 fee application contains billing records detailing the hours their two law firms, Grotta, Glassman & Hoffman, P.C. ("GGH"), and Robinson & Livelli, spent opposing Perniciaro's interrogatories. (See Joint Decl. of Leslie A. Lajewski and Donald A. Robinson in Supp't of IDT Defs.' App. for Fees ("Joint Decl."), Exs. A, B.) The billing records show that Robinson & Livelli spent 19.7 hours opposing the interrogatories, and GGH spent 104.3 hours.[1] (See

---

[1] Unfortunately, GGH's billing records do not explicitly state the total number of hours it seeks to include in the lodestar. However, using GGH's hourly rates and total dollar amounts billed, the Court calculated as follows that 104.3 hours were spent: Exhibit A of the Joint Declaration states that Lajewski billed $9,144.00 on the matter at a rate of $240 an hour. This equals 38.1 hours. Falcone billed $11,349.00 at $195.00 an hour, which equals 58.2 hours. A

Joint Decl., Exs. A, B.)

The Court has reviewed the billing records, Perniciaro's detailed objections, and Defendants' response.  For the following reasons, the Court rejects Perniciaro's objections and will include the full 124 hours requested in the lodestar.

Perniciaro's objections can be broadly characterized as alleging that the vast majority of the claimed hours were "not reasonably expended [because] they [were] excessive, redundant, or otherwise unnecessary."  See Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

First, Perniciaro claims that Defendants' attorneys unreasonably spent time on matters outside of the objectionable interrogatories that formed the basis of the Court's contempt ruling.  For instance, Perniciaro asks the Court to reduce, by one-tenth, the .7 hours Lajewski spent on March 6, 2006 reading the interrogatories, because three out of those 20 interrogatories were not found improper.  What Perniciaro ignores, of course, is that it is completely reasonable to expect that one would have to read all 20 interrogatories before discovering that 17 of them were improper.  This kind of unrealistic and unjustified nit-picking

---

paralegal billed $760.00 at $95.00 an hour, which equals eight hours.  The sum of these hours is 104.3.

4

typifies many of Perniciaro's objections. For instance, he repeatedly objects to time billed by Defendants' attorneys for work dedicated to conferences and communications that addressed both the problematic interrogatories and other issues in the case, without taking the time to notice that Defendants' billing records already deduct hours for such unrelated time in most instances. Where Defendants did not subtract time from hours spent on the interrogatories and ancillary issues, the Court is satisfied that either the time spent on ancillary issues was de minimis, that those ancillary issues were so intertwined with opposing the interrogatories that the hours cannot be separately identified, or that the ancillary issues were sufficiently related to Defendants' opposition to the impermissible interrogatories.

Second, Perniciaro claims that every hour billed by attorneys from Robinson & Livelli is redundant and duplicative. He cites Apple Corps., 25 F. Supp. 2d at 489, for the proposition that "the attendance of additional counsel representing the same interests as the attorney actually participating in a hearing is wasteful and should not be included in a request for counsel fees from an adversary." (internal quotations omitted). However, it has not gone unnoticed by this Court that Perniciaro conveniently omitted the Apple Corps. Court's preface that this statement is only true "[i]n certain cases . . . ." Id. This is not such a case. The

Court "disagree[s] with [Perniciaro's] general proposition that it is inherently unreasonable to have more than one attorney involved in such matters as meetings and telephone conferences, and see[s] no basis for excluding hours from the lodestar calculation based on 'duplication of effort,'" due to Robinson & Livelli's involvement.  See United States v. Pennsylvania Blue Shield, 54 F. Supp. 2d 410, 415 (M.D. Pa. 1999).  Perniciaro fails to sufficiently explain why Robinson & Levelli's hours duplicate the *substance* of the work performed by GGH.  The simple presence of more than one partner or law firm working on a case is certainly not uncommon, and will not, without more, be presumed to be excessive or duplicative.

Third, Perniciaro objects that the hours Defendants' attorneys billed related to drafting certain letters and court submissions were excessive because these hours were disproportionate to the page length of the letters or court submissions in question.  The Court rejects using an hours-spent-to-page-length ratio as the exclusive measure for the reasonableness of time spent preparing a document.  As Defendants aptly point out,

> just because a letter or submission in its final form is short and
> concise, it does not mean that the time spent was not productive time
> billed. . . . [T]he time spent by defense counsel on the letter here, and
> on submissions to the Court, is used to craft the best approach to the
> problem that needs to be addressed, not the longest draft.  Many

> times, to get a letter or submission into the appropriate final form the document goes through multiple drafts, vetting, additional research and further refinement. This process is productive work that is both necessary and chargeable to the client, regardless of the final length of the submission.

(Defs.' Opp. Br. 10-11.) The Court agrees, and sees no evidence that Defendants' attorneys spent unreasonable hours preparing their submissions to this Court.[2]

Fourth, Perniciaro objects to hours Defendants' attorneys billed for certain research. For example, Perniciaro objects to 1.4 hours Lajewski billed on April 5, 2006 for researching individual liability issues under the New Jersey Conscientious Employee Protection Act, because "it is hard to imagine a Grotta Glassman attorney needing 1.4 hours to make this determination, since they specialize in labor law." (Perniciaro's Mem. of Law 15.) Perniciaro goes on to suggest that all Defendants' attorneys needed to do was "pull their prior briefs on this issue and read them." (Id.)

This Court will not endorse a standard for "reasonable" research hours that only compensates for time spent on not-previously-researched issues. Thorough and individualized research is essential to confronting the specific allegations

---

[2] Many authors, including judges, have lamented that "if the Court had had more time, it would have written a shorter opinion." See People for the Ethical Treatment of Animals v. Guiliani, 105 F. Supp. 2d 294, 298 & n.1 (S.D.N.Y. 2000).

made against one's client.  Previous research must be confirmed and adapted to the current case.  While it certainly is possible to excessively research a topic, the Court sees no evidence here suggesting that the Defendants' attorneys performed unnecessary research in responding to Perniciaro's motion to compel.

Furthermore, the Court will not exclude hours billed for research simply because the matter researched did not appear in a court submission, as Perniciaro also requests.  (See Perniciaro Mem. 25.)  It is reasonable to perform legal research in preparation for relevant issues that may arise at oral argument.  Contempt, the subject of the July 12, 2006 research that Perniciaro questions, was obviously relevant to the July 17, 2006 hearing at which the Court held Perniciaro in contempt.

Fifth, Perniciaro argues that certain hours were spent on tasks that should have been performed by associates or paralegals instead of partners.  For instance, he objects to .3 hours a partner billed on March 8, 2006 to update a client on the case, because "routine matters are not for partners to perform at the adversary's expense."  (Perniciaro's Mem. 8.)  The Court rejects the notion that client contact is a "routine matter[]" that can be assigned to just anyone.  Time spent maintaining client relationships is not only reasonably spent, it is vital to any attorney or firm.  Perniciaro's other contentions that certain tasks should have delegated are

similarly misguided, and are rejected by the Court.

Sixth, the Court rejects Perniciaro's challenge to the hours Defendants' attorneys billed in order to prepare for the July 17, 2006 hearing. The Court observed that each of Defendants' attorneys made their own individual contributions to their side's case. Additionally, the few hours each attorney spent preparing for the hearing was not inordinate.

The Court will not go on and detail each of Perniciaro's numerous, carping objections. Suffice it to say that each has been reviewed, and the Court finds that the remaining objections are unsupported by the evidence. The number of hours reasonably expended on the litigation is 124.

### 2. **A Reasonable Hourly Rate**

As a reasonable hourly rate, Defendants propose that their attorneys' current, non-discounted rates are appropriate.[3] Alternatively, Defendants request the discounted rates actually charged for the work performed.[4] Perniciaro objects

---

[3] Those rates are, for Lajewski, $375.00 an hour, for Falcone, $210.00 an hour, for Robinson, $450.00 an hour, and for Miller, $300 an hour. (Defs.' Supp. Opp. Br. 3-5.)

[4] Those rates are, for Lajewski, $240.00 an hour (Defendants' brief states that this rate is $230.00, however the billing records indicate that $240.00 was the actual rate charged), for Falcone, $195.00, for Robinson, $450.00 an hour, and for Miller, $300.00 an hour. (Defs.' Supp. Opp. Br. 3-5.)

to use of current, non-discounted rates, but accepts the originally-billed discounted rates as reasonable.  (See Perniciaro letter of Feb. 27, 2007, Docket Index #196.)

The Court finds that the originally-billed discounted rates are reasonable in that they are on par with current market rates in the New Jersey legal community (See Defs.' Supp. Opp. Br. 5-7, and exhibits cited therein), and will use these rates to calculate the lodestar.  The Court chooses the originally-billed discounted rates over Defendants' counsel's current non-discounted rates to comply with the Third Circuit's directive that "'[c]ompensatory sanctions . . . must not exceed the actual loss suffered by the party that was wronged.'"  Robin Woods Inc. v. Woods, 28 F.3d 396, 401 (3d Cir. 1994) (quoting Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992)).

### 3. Lodestar Calculation

"The lodestar calculation involves determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate . . . ."  Microsoft, 216 F. Supp. 2d at 387.  The number of hours reasonably expended is 124.  The reasonable hourly rates are $240.00, $195.00, $450.00, and $300.00 per hour.  As detailed in Defendants' original fee application, these numbers produce a total lodestar figure of $29,443.00.

### B. Fees for Defending the Motion to Reconsider

Defendants request that Perniciaro also be required to pay Defendants' attorneys' fees for defending the instant motion for reconsideration. The Court declines this request. The sanction of attorneys' fees ordered by this Court on July 17, 2006 was for Perniciaro's decision to ignore the Court's December 27, 2005 Order. It is only the sanction for that conduct that is at issue here. Thus, by asking for additional attorneys' fees, Defendants are essentially alleging that Perniciaro has engaged in additional sanctionable conduct by filing the motion for reconsideration. While the Court does not have a formal motion before it to that effect, the Court does note that Perniciaro's motion for reconsideration does not appear to be improper in any way, especially in light of the Court's January 18, 2007 request that Defendants' original fee application be submitted in lodestar method form. Defendants' request for additional fees is denied.

### III. Conclusion

For the foregoing reasons, Defendants are entitled to $29,443.00 in attorneys' fees from William P. Perniciaro, Esq. An appropriate order is filed herewith.

/s/ John C. Lifland, U.S.D.J.

May 17, 2007