**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————
:
D.  MICHAEL JEWETT,                                            :
                                                                              :
                                          Plaintiff,             :
                                                                              :          Civ. A. No.  04-1454 (SRC)
v.                                                                          :
                                                                              :          **OPINION**
IDT CORPORATION, et al.,                                 :
                                                                              :
                                          Defendants.          :
———————————————————:


**Chesler, U.S.D.J.**

This matter comes before the Court on Defendants' motion to dismiss Count Three of

Plaintiff's Amended Supplemental Complaint, alleging intentional infliction of emotional

distress.  [Docket item 351].  The Court has jurisdiction over this matter pursuant to 28 U.S.C.

§1332, and the motion has been decided upon the written submissions of the parties pursuant to

Federal Rule of Civil Procedure 78.  The Court has considered the papers in support of and in

opposition to the motion, and for the reasons set forth below, the Court grants Defendants'

motion.


## I.  Background

This is the second motion to dismiss Plaintiff's Amended Supplemental Complaint filed

by Defendants IDT Corporation, Howard S. Jonas, Motti Lachetenstein, Jack Lerer, David

Schropfer, Avi Lazar, Robert Schiff, Michael Levine, Jonathan Levy, Alex Schwartz, James

Courter, Joyce Mason, and John Cate (collectively, "Defendants").  Defendants filed a first

motion to dismiss all counts of the Amended Supplemental Complaint on February 23, 3006.  On

September 11, 2007, the Court granted the motion in part – dismissing Plaintiff's claims of

defamation and abuse of process – and denied the motion in part – as to Plaintiff's claim of

intentional infliction of emotional distress ("IIED").  In denying the motion to dismiss Plaintiff's

IIED claim, the Court explained that Defendants had not argued that the alleged statements,

which Plaintiff contends give rise to the IIED claim, cannot constitute outrageous conduct as a

matter of law; therefore the Court could not, at that time, dismiss the count.

Less than two weeks later, on September 21, 2007, the parties appeared for a status

conference before Judge Salas.  [Docket item 346].  At the conference, Defendants requested

leave to file a motion to dismiss Plaintiff's IIED claim, which Judge Salas granted by Order

dated September 27, 2007.  *Id.*  Pursuant to that order, Defendants now move to dismiss

Plaintiff's IIED claim, identified as Count Three in Plaintiff's Amended Supplemental

Complaint.  Plaintiff opposes the motion, arguing that the Federal Rules of Civil Procedure

preclude a second motion before answering the Complaint.  Plaintiff also cross-moved for an

order of default against Defendants or, in the alternative, an order directing Defendants to move

for an extension of time in which to answer.

## II.  Discussion

### A.    Legal Standard

In review of a motion to dismiss for failure to state a claim pursuant to Federal Rule of

Civil Procedure 12(b)(6), the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 397-98 (3d Cir. 2000).

The general rule for pleading a claim is stated in Federal Rule of Civil Procedure 8(a)(2), and requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (alteration in original) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. Therefore, in examining a complaint under Rule 12(b)(6), a court must determine whether it contains "enough factual matter (taken as true)" that the "allegations plausibly suggest[]" that the pleader is entitled to relief. *Id.* at 1965-66. A pleading's factual allegations are thus evaluated for sufficiency under a "plausibility standard." *Id.* at 1968. This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" that the pleader is entitled to relief. *Id.* at 1965.

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). All reasonable inferences, however, must be drawn in the plaintiff's favor. *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). Moreover, the claimant must "'set forth

-3-

sufficient information to outline the elements of his claims or to permit inferences to be drawn

that the elements exist.'" *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A

CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 at 340

(2d ed. 1990)). "The defendant bears the burden of showing that no claim has been presented."

*Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

**B.**     **Federal Rule of Civil Procedure 12(g)**

Defendants argue that Plaintiff's IIED claim in the Amended Supplemental Complaint

must be dismissed because the claim relies upon the statements that were the subject of

Plaintiff's defamation claim, which the Court dismissed by Order dated September 11, 2007.  In

the alternative, Defendants contend the IIED claim should be dismissed because Plaintiff has

failed to demonstrate that the alleged conduct is extreme and outrageous, as required to support a

claim of IIED.

In opposition, Plaintiff first argues that Federal Rule of Civil Procedure 12(g) bars

successive pre-answer motions to dismiss and therefore contends Defendants' motion must be

denied.  Plaintiff is correct that Rule 12(g) requires parties consolidate all pre-answer motions

and file them together, subject to the provisions set forth in 12(h).  However, 12(g) does not

preclude the filing of a second motion pursuant to Rule 12 where the defense or objection was

not available at the time of the filing of the initial motion.  Indeed, Rule 12(g) provides: "a party

that makes a motion under this rule must not make another motion under this rule raising a

defense or objection that was *available to the party but omitted from its earlier motion*."

(Emphasis added).

Defendants first argument in support of this second motion to dismiss is that the Court's

ruling on the first motion to dismiss provides a defense to Plaintiff's IIED claim.   Because such a defense was not available at the time of the filing of the first pre-answer motion, it is not precluded by Rule 12(g).

Defendants' second argument on the other hand – that the conduct alleged by Plaintiff does not rise to the level necessary to sustain a claim for IIED – was available at the time of the filing of the first motion to dismiss.   Therefore, this defense would ordinarily be barred in a second motion to dismiss, but not waived,  by Rule 12(g).   *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1392 (3d ed. 2004) (explaining that "if a party makes a preliminary motion under Rule 12 and fails to include one of the Rule 12(h)(2) objections, she has not waived it, even though under Rule 12(g) that party may not assert the defense by a second pre-answer motion.") (footnotes omitted).   Because Defendants have not waived the defense, and because Defendants do have an appropriate basis to submit a second pre-answer motion, the Court finds that it is in the interest of judicial economy to simply address both arguments at this time.

Furthermore, because the Court has permitted the second pre-answer motion to proceed, Plaintiff's cross-motion for an order of default against Defendants or, in the alternative, for an order directing Defendants to move for an extension of time in which to answer shall be denied.

**C.      Intentional Infliction of Emotional Distress Claim**

As to the substance of the motion, Defendants first argue the Court's dismissal of Plaintiff's defamation claim compels dismissal of Plaintiff's IIED claim, which is based on the same alleged statements.   Plaintiff, however,  contends dismissal of the defamation claim is not relevant to the IIED claim.   Plaintiff asserts that allegations of IIED in an employment context,

such as this case, are subject to a different standard.  Plaintiff also argues the Court must view the alleged statements giving rise to the IIED claim in light of the history of this case, stating that "IIED has already been upheld by Judge Lifland" and that the "new IIED allegations" must be viewed "in the context and history of the defendants' misconduct."  (Pl. Br. at 10).

First, Plaintiff mischaracterizes Judge Lifland's Order dated December 29, 2005.  [Docket item 85].  Judge Lifland did not "uphold" Plaintiff's IIED claim shielding it from review.   To the contrary, Judge Lifland held that *at that early point in the litigation* the Court could not state that "Defendants' conduct could never rise to the extreme and outrageous level required to prove an [IIED] claim."  (*Id.* at 3).  Moreover, that order addressed the motion to dismiss the IIED claim identified as Count Six of Plaintiff's Second Amended Complaint, not the IIED alleged in Plaintiff's Supplemental Complaint.[1]

This litigation is no longer at the "early stage" of litigation.  In the nearly two years since Judge Lifland entered that order, Plaintiff has filed a Third-Amended Complaint and an Amended Supplemental Complaint, and the parties have engaged in limited discovery.  Accordingly, the Court will proceed with its review of the motion to dismiss Plaintiff's IIED claim identified as Count Three of the Amended Supplemental Complaint.

The Amended Supplemental Complaint alleges Defendants intentionally caused Plaintiff to suffer emotional distress when they published the following three statements (Supplemental Complaint ¶ 178):

---

[1]  Judge Lifland held that Plaintiff failed to demonstrate the fourth element of the IIED claim – that Plaintiff suffered severe emotional distress as a result of Defendants' actions – and gave Plaintiff thirty days to amend the complaint as to that claim.  (*Id.* at 3, 7).   On January 25, 2006, Plaintiff filed a Third Amended Complaint, which identifies Plaintiff's alleged emotional distress in Count Six, Plaintiff's claim for IIED.

1) on October 8, 2004, an IDT spokesperson stated:

> IDT "takes any kind of complaint seriously" but that this one is a "baseless claim by a former disgruntled employee."
>
> there has already been a "complete review by the internal audit committee and by outside counsel."
>
> IDT "intend[s] to file a counter-claim and a motion to dismiss" and that it has "filed sanctions against the plaintiff's counsel."

(Supp. Compl. ¶ 152);

2) on October 14, 2004, IDT filed a 10-K statement which disclosed Plaintiff's lawsuit and stated:

> We have also sought sanctions against Jewett's attorney . . . . Neither the Company's nor the Audit Committee's investigation has found any evidence that we made any such improper payments to foreign officials.

(Supp. Compl. ¶ 153); and

3) on October 1, 2005, the New York Times ran an article quoting James Coulter as stating: "The plaintiff is disgruntled and has no evidence."  (Supp. Compl. ¶ 154).

In order to establish a claim of IIED under New Jersey law, "the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 366 (1988).  "For an intentional act to result in liability, the defendant must intend both to do the act and to produce emotional distress. Liability will also attach when the defendant acts recklessly in deliberate disregard of a high degree of probability that emotional distress will follow."  *Id.*  The plaintiff must also demonstrate that the defendant's conduct is "'so outrageous in character, and so extreme in

-7-

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Griffin v. Tops Appliance City, Inc*., 337 N.J. Super. 15, 22 (App. Div. 2001) (quoting *Buckley*, 111 N.J. at 366) (citations omitted).

Contrary to the arguments raised by Plaintiff, "[e]xcept for the kind of aggravated discriminatory conduct involved in *Taylor [v. Metzger*, 152 N.J. 490 (1998)]," in which an employer referred to an African-American employee as a "jungle bunny," "'it is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.'" *Griffin*, 337 N.J. Super. at 23-24 (quoting *Cox v. Keystone Carbon Co*., 861 F.2d 390, 395 (3d Cir.1988), *cert. denied*, 498 U.S. 811 (1990)). Indeed, the Third Circuit has held that "while 'loss of employment is unfortunate and unquestionably causes hardship, often severe, it is a common event' and cannot provide a basis for recovery for infliction of emotional distress." *Cox*, 861 F.2d at 395 (quoting *Brieck v. Harbison-Walker Refractories*, 624 F. Supp. 363, 367 (W. D. Pa. 1985), *aff'd in relevant part*, 822 F.2d 52 (3d Cir.1987)). Accordingly, "an ulterior motive for discharging an employee, such as personal dislike, does not by itself provide a sufficient foundation for finding the level of outrageousness required to support this cause of action." *Griffin*, 337 N.J. Super. at 24.

"Furthermore, a plaintiff may not pursue a claim for intentional infliction of emotional distress to circumvent the required elements of or defenses applicable to another cause of action that directly governs a particular form of conduct." *Id*. (citing *Decker v. Princeton Packet, Inc*., 116 N.J. 418, 432 (1989)). Here, Plaintiff is seeking redress for the alleged emotional harm caused by statements related to this lawsuit that the Court has deemed not defamatory.

Case 2:04-cv-01454-SRC-MAS   Document 384   Filed 02/20/08   Page 9 of 10 PageID: 6760


As the New Jersey Supreme Court has explained that there is "a certain symmetry or parallel between claims of emotional distress and defamation that calls for consistent results." *Decker v. Princeton Packet, Inc*., 116 N.J. 418, 432 (1989). Evaluating a claim of negligent infliction of emotional distress brought against a newspaper, the *Decker* court held that the first amendment requires a court "deny an emotional-distress claim based on a false publication that engenders no defamation *per se*." *Id*. Although a claim of IIED involves the element of scienter not required in a claim for negligent infliction of emotional distress, permitting a claim of IIED to proceed where a defamation claim has been dismissed on summary judgment would effectively permit a plaintiff to use the tort of IIED "to circumvent defenses to the defamation action." *See Salek v. Passaic Collegiate School*, 255 N.J. Super. 355, 361 (App. Div. 1992).

The Court has already made clear that Plaintiff's IIED claim set forth in the Amended Supplemental Complaint is limited to those alleged statements made after the filing of the Amended Complaint, dated May 13, 2004. (Opinion dated September 11, 2007, p. 16-17). As the Court has held that these alleged statements do not support a claim of defamation (*id*. at 15-16), Plaintiff can no longer maintain an action for IIED based upon the same alleged statements. *See Decker*, 116 N.J. at 432; *Salek,*, 255 N.J. Super. at 361.

Moreover, the conduct alleged by Plaintiff does not rise to the level of extreme and outrageous as required to support a claim for IIED. As outlined above, Plaintiff must prove the alleged statements are "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Buckley*, 111 N.J. at 366 (quoting RESTATEMENT (SECOND) OF TORTS § 46 comment d (1965)).

As this Court held in its previous Opinion, the statements at issue in the Amended Supplemental Complaint characterize Plaintiff as "disgruntled," refer to Plaintiff's claim "baseless," and state that Plaintiff "has no evidence."   As the Court explained, "disgruntled" simply means dissatisfied.  With regard to the statements that Plaintiff's claim is baseless and that he has no evidence, the context is crucial: these statements occurred in the context of a litigant characterizing the opposing party's case.  These statements are examples of the absolutely routine, commonplace public statements made by litigants about their opponents and their opponents' cases.  Simply put, the alleged statements are not "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *See id*.  Finding otherwise would open the floodgates to a tidal wave of IIED lawsuits and unreasonably restrict the ability of litigants to publicly deny the allegations made by their opponents.

Accordingly, the Court finds that Plaintiff has failed to state a valid claim for IIED.


**III.  Conclusion**

For the reasons set forth above, Defendants' motion to dismiss the claim for IIED in the Amended Supplemental Complaint is **GRANTED**, and Plaintiff's cross-motion for an order of default against Defendants or, in the alternative, an order directing Defendants to move for an extension of time in which to answer is **DENIED**.

         s/ Stanley R. Chesler
        Stanley R. Chesler, U.S.D.J.

Dated: February 19, 2008