**Law Office of William P. Perniciaro**
**84 New Dorp Plaza**
**Staten Island, NY 10306**
Phone 718-667-5000
Fax 718-667-0798

William Perniciaro
New York and New Jersey Bar Admission

New Jersey Office:
615 Chesterfield-Arnystown Road
Trenton, New Jersey 08620
609-291-0355

April 14, 2009

**VIA ECF and FACSIMILE (973-645-4412)**
Honorable Magistrate Judge Michael A. Shipp
United States District Court
1 Federal Square
Newark, NJ 07102

**Re:  D. Michael Jewett v. IDT Corp. et als. – CV 04-1454 (SRC-MAS)**

Your Honor:

I have Ms. Lajewski's letter dated yesterday and agree the matter cannot be resolved by the parties.  So I welcome the conference and will agree to any form of motion practice which is least burdensome to the court, but still allows this office to present plaintiff's position under Rule 35 of the Federal Rules of Civil Procedure.

I also request that the court address the outstanding issue of Mr. Schwarz's unlicensed status in reference to his multiple certifications submitted in support of extraordinary relief granted by this court.

I am speaking of matters in the complaint which remain sealed, and which must be unsealed.  In this regard I also advise the court that Mr. Schwarz, **in addition** to his five (5) years of Unauthorized Practice of Law in New Jersey, has retracted and recanted critical points of his prior sworn declarations upon which the court granted sealing, the Federal Communications Commission has issued rulings which render Teleco Haiti transaction unlawful, and IDT has paid $400,000 in fines for this misconduct.[1]

I am also in possession of evidence of IDT's regular practice of evasion of FCC such jurisdiction, and there is other sworn deposition testimony

---

[1] I have received full confirmation, from the New Jersey Office of Attorney Ethics, of Mr. Schwarz's lack of the required New Jersey licensure to act, and represent himself, as "in house counsel" for IDT.

which points to the inappropriate nature of this court providing any further protection to the sealed matters in the complaint.[2] This will involve, in part, evidence of the crime/fraud exception to the attorney client privilege, the legal basis asserted by IDT in support of sealing. This cannot be discussed publicly at this time and must be presented in chambers.

I would thus like to present a motion which unseals the remainder of the complaint and/or otherwise deals with this misconduct.[3] In re Cendant Corp., 260 F.3d 183 (3d Cir. 2001)("Even if a sealing order was proper at the time when it was initially imposed, the sealing order must be lifted at the earliest possible moment when the reasons for sealing no longer obtain.").

Sincerely Yours,

*/s/ William Perniciaro*

**WILLIAM PERNICIARO**
WPP:km

cc:   Leslie Lajewski, via ECF and email (Llajewski@coughlinduffy.com)

---

[2] The portion of the complaint containing IDT's profit margin in the Teleco Haiti Deal is still sealed.

[3] A portion of the complaint was unsealed in 2005 after this office presented IDT's FCC regulatory obligation to publicly disclose the price they negotiated with Jean Bertrande Aristide, the former President of the Republic of Haiti. Mr. Schwarz, and others in IDT's legal department, had professed to the "trade secret" status of the transaction, a factual assertion totally at odds with IDT's legal obligations, under its 214 license, to make full public disclosure. In that last motion this office allowed IDT to consent to the unsealing without payment of counsel fees or sanctions.

**Law Office of William P. Perniciaro**
**84 New Dorp Plaza**
**Staten Island, NY 10306**
Phone 718-667-5000
Fax 718-667-0798

William Perniciaro
New York and New Jersey Bar Admission

New Jersey Office:
615 Chesterfield-Arnystown Road
Trenton, New Jersey 08620
609-291-0355

May 1, 2009

**VIA ECF and FACSIMILE (973-645-4412)**
Honorable Magistrate Judge Michael A. Shipp
United States District Court
1 Federal Square
Newark, NJ 07102

**Re:  D. Michael Jewett v. IDT Corp. et als. – CV 04-1454 (SRC-MAS)**

Your Honor:

Pursuant to your order dated April 24, 2009, please accept this joint letter which expresses the status of the case. This will serve to assist the court with respect to the upcoming conference of May 8, 2009, at 4:00 p.m.

- Discovery is going well and we are nearing the completion of depositions.

- We have completed the depositions of plaintiff (4 days), David Levine, Alex Schwarz, Diane Clark, John Cate and Ely Tendler. These individuals are all attorneys, except for Cate who worked on the technical aspect of the Teleco Haiti Agreement.

- We had to cancel a deposition scheduled for Jonathan Levy on April 30, 2009 due to a potential conflict with the trial that needed to be attended to by defense counsel. Rescheduling is something the parties will agree on. This may necessitate a brief extension of fact discovery on consent (the current deadline is May 22, 2009).

- Mr. Lerer testified on April 28, 2009 and introduced some new parties to the Teleco Haiti Deal which need clarification. Mr. Lerer could not remember some details.

Honorable Magistrate Judge Michael A. Shipp
May 1, 2009
Page 2 of 2

- David Schropfer is scheduled for May 13 and 14, 2009 (as a fact witness) and May 19, 2009 (as a Rule 30(b)(6) witness). He was my client's supervisor.

- The parties are working on clarifying the scope of the 30(b)(6) examination. We may have to discuss this with the Court but we are hoping to work it out by next week. The 30(b)(6) may also iron out some factual issues which other fact witnesses cannot recall.

- The parties are travelling to Cleveland, Ohio on May 6, 2007 to conduct IDT's deposition of a third-party witness concerning a franchise my client purchased after his termination by IDT.

- IDT would like to have my client submit to an examination by their employability expert. My office objects under Rule 35. IDT feels that I am incorrect and that the examination is proper. IDT is seeking to confer with the Court on this issue.

- My office is seeking to confer with the Court as to unsealing the remainder of the complaint due to recent FCC rulings and revelations in depositions. This will be a Rule 60 Motion.

- IDT would like to file for a protective order and possible investigation of my notification to the authorities pertaining to Mr. Schwarz's lack of New Jersey law licensure.

- Plaintiff is producing his personal tax returns. IDT has raised the possibility of more deposition testimony depending on what these returns reveal.

- The parties have had some settlement discussions.

Sincerely Yours,

*/s/ William Perniciaro*

**WILLIAM PERNICIARO**
WPP:km

cc:   Leslie Lajewski, via ECF and email (Llajewski@coughlinduffy.com)